OPINION
{¶ 1} This appeal arises from the Ashtabula County Court of Common Pleas wherein, appellant, Kevin Penny, was indicted on harassment by inmate, a fifth degree felony. Appellant pled not guilty by reason of insanity. The court ordered a competency and sanity evaluation. Appellant was found competent to stand trial. A bench trial was held, and appellant was found guilty and sentenced to ten months imprisonment with credit given for two hundred three (203) days served.
 {¶ 2} A clear account of the underlying facts is not easily discernible from the record. Prior to appellant's trial, the state and defense stipulated to a number of facts. Both stipulated that the incident took place while appellant was an inmate at the Lake Erie Correctional Institution in Conneaut, Ohio. The incident took place on July 25, 2000, and the victim was a corrections officer employed at Lake Erie Correctional Institution. Both parties also stipulated that appellant was the inmate on the videotape placed in evidence by the state.
 {¶ 3} At trial, the videotape was played with both parties present. At the conclusion of the viewing of the videotape, the state rested its case. The defense then presented appellant, who testified on his own behalf. Appellant was subsequently found guilty of harassment by inmate and was sentenced to ten months imprisonment.
 {¶ 4} Appellant asserts one assignment of error:
 {¶ 5} "The appellant was deprived of the effective assistance of counsel guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of the state of Ohio."
 {¶ 6} Appellant argues that his defense counsel was ineffective for failing to move for a Crim.R. 29 motion for acquittal at the close of the state's case as the state failed to prove each element of the offense.
 {¶ 7} The pertinent provision of R.C. 2921.38, harassment by inmate, reads as follows:
 {¶ 8} "(A) No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner."[1]
 {¶ 9} In order to prove harassment by inmate the state had to prove five elements, that appellant was, (1) a person confined in a detention facility; (2) that caused or attempted to cause another person to come into contact with blood, semen, urine, feces, or another bodily substance; (3) by throwing the bodily substance at the other person or; (4) in any other manner; (5) with intent to harass, annoy, threaten, or alarm the other person.
 {¶ 10} The only piece of evidence offered for admission by the state was a videotape of the incident. The videotape shows appellant being transferred from one detention cell to another. The tape is narrated by Captain Courte. He identifies himself, each member of a four-man extraction team assembled to assist in transferring appellant who refused to come out of the cell, and the camera operator, Lieutenant Cathcart. Lieutenant Cathcart can be heard identifying himself as well.
 {¶ 11} The videotape documents the entire incident. While appellant is walking in handcuffs from one cell to the other, he can be seen spitting towards the camera.
 {¶ 12} Appellant contends that defense counsel was ineffective in failing to move for an acquittal when the state rested after presenting the videotape. Appellant asserts that the videotape never shows Lieutenant Cathcart being spit on and that the viewer only sees appellant spitting toward the camera and, thus, every element of harassment by inmate was not met in the state's case. Appellant notes that the only time any evidence that appellant came in contact with another person was when appellant testified, "I spit at him, yeah."
 {¶ 13} The Supreme Court of Ohio and this court have adopted a basic test to determine whether an accused has received ineffective assistance of counsel:
 {¶ 14} "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by theSixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"[2]
 {¶ 15} There is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and could be deemed merely trial strategy.[3]
 {¶ 16} In the case sub judice, the primary piece of evidence offered by the state was a videotape, which documented the entire incident. Appellant can clearly be seen spitting toward the camera on the tape. The camera operator is initially clearly identified as Lieutenant Cathcart, and there is audible confirmation by Lieutenant Cathcart on the tape.
 {¶ 17} Appellant does not adequately establish that counsel was deficient by not moving for an acquittal after the state rested. Counsel was under no obligation to move for an acquittal at that time, particularly if doing so would be futile, as counsel is under no obligation to file futile motions.[4]
 {¶ 18} Although the camera operator was not seen on the tape, both the identification of Lieutenant Cathcart by Captain Courte and Lieutenant Cathcart's audible confirmation were sufficient to sustain a conviction on the offense of harassment by inmate. "[I]f the evidence, viewed in the light most favorable to the government is such that `a reasonable mind might fairly find guilt beyond a reasonable doubt,'" the issue must be presented to a finder of fact, and a judgment of acquittal should not be rendered.[5] Therefore, appellant fails to demonstrate that defense counsel was ineffective in not moving for an acquittal at the close of the state's evidence.
 {¶ 19} Appellant's assignment of error is without merit.
 {¶ 20} The judgment of the trial court is affirmed.
ROBERT A. NADER and DIANE V. GRENDELL, JJ., concur.
[1] R.C. 2921.38(A).
[2] State v. DiMeolo (Sept. 30, 1992), 11th Dist. No. 91-A-1680, 1992 WL 267379, at *3, quoting Strickland v. Washington (1984), 466 U.S. 668,687, and State v. Post (1987), 32 Ohio St.3d 380, 388.
[3] State v. Smith (1985), 17 Ohio St.3d 98, 100-101.
[4] State v. Bradley (1989), 42 Ohio St.3d 136.
[5] (Emphasis in original.) State v. Bridgeman (1978), 55 Ohio St.2d 261,263, quoting United States v. Collon (C.A. 6, 1970), 426 F.2d 939,942.